JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV-26-08681-MWF (AYPx)** **Date: November 25, 2026**

Title: Ascencion Lopez v. Republic Services, Inc. et al

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| | |
|---|---|
| Deputy Clerk:<br>Rita Sanchez | Court Reporter:<br>Not Reported |
| Attorneys Present for Plaintiff:<br>None Present | Attorneys Present for Defendant:<br>None Present |

**Proceedings (In Chambers):** ORDER GRANTING MOTION TO REMAND [14]; DENYING MOTION TO DISMISS AS MOOT [6]

Before the Court are two motions:

The first is Defendants Consolidated Disposal Service, LLC, Republic Services Environmental, LLC, and Republic Services, Inc.'s Motion to Dismiss (the "MTD"), filed on August 12, 2026. (Docket No. 6). Plaintiff Ascension Lopez filed his Opposition on September 13, 2026. (Docket No. 15). Defendants filed their Reply on September 30, 2026. (Docket No. 17).

The second is Plaintiff's Motion to Remand Case to Los Angeles Superior Court (the "MTR"), filed on September 3, 2026. (Docket No. 14). Defendants filed their Opposition on September 23, 2026. (Docket No. 16). Plaintiff filed his Reply on September 30, 2026. (Docket No. 18).

The Court has read and considered the papers on the Motions and held a hearing on **October 14, 2026**.

The Motion to Remand is **GRANTED** because Plaintiff's claims are founded in state law and do not depend on interpretation of the collective bargaining agreement, so are not preempted by the Labor Management Relations Act. Because the action will be remanded, the Motion to Dismiss is **DENIED *as moot***.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV-26-08681-MWF (AYPx)** **Date: November 25, 2026**

Title: Ascencion Lopez v. Republic Services, Inc. et al

## I. BACKGROUND

On April 7, 2026, Plaintiff initiated this action in Los Angeles Superior Court, asserting only claims based on California law. (Notice of Removal ("NoR"), Docket No. 1 at Ex. B (First Amended Complaint (the "FAC"))).

Plaintiff's allegations in the FAC are summarized as follows:

Starting on May 14, 2019, Defendants employed Plaintiff as a dumpster truck driver. (FAC ¶ 18). Plaintiff worked five days a week, from 4:00 a.m. to 4:00 p.m. at a rate of $18.42 an hour. (*Id.*). Defendants tasked Plaintiff with collecting trash from industrial dumpsters in several different cities within Los Angeles County, driving the truck to Sunshine Canyon Landfill, and returning to Defendants' headquarters by 4:00 p.m. (*Id.*). If Plaintiff exceeded the twelve hour window, Defendants reprimanded him. (*Id.*). Plaintiff's supervisor frequently contacted Plaintiff by radio, tracked his progress, and instructed him to "hurry up" so he would "stay on target." (*Id.*). On multiple occasions, Plaintiff's supervisor accompanied Plaintiff to monitor his work. (*Id.*). This conduct caused Plaintiff stress and anxiety. (*Id.*).

Plaintiff was unable to take uninterrupted meal breaks and was often unable to take a meal break within the first five hours of his shifts. (*Id.* ¶ 19). Plaintiff was also unable to take his ten-minute rest breaks. (*Id.* ¶ 20). Defendant applied a policy of automatically deducting thirty minutes from each shift worked in excess of six hours, regardless of whether the employee received a meal break or the length of the meal break. (*Id.* ¶ 22). Additional conduct by Defendants included requiring Plaintiff to pay for the time he spent purchasing his own drinking water and using his cellular phone without reimbursement. (*Id.* ¶ 33).

Defendants terminated Plaintiff's employment on February 27, 2025. (*Id.* ¶ 23). At the time of the termination, Plaintiff was on medical leave for an upcoming surgery and had recently been diagnosed with cancer. (*Id.*). Defendants cited Plaintiff's violation of safety rules as the rationale for termination. (*Id.*). In Plaintiff's view, this was pretext; the termination occurred because he was fifty-four years old and "not as

fast as when he started." (*Id.*). Plaintiff also claims that Defendants believed he would disclose their violations to the authorities, which functioned as a substantial motivating factor in Defendants' decision to discharge Plaintiff. (*Id.* ¶ 37).

Plaintiff asserts statutory violations related to minimum and overtime wages, off-the-clock work, meal and rest periods, wage statements and records, reimbursement, timely and final wages, and whistleblower retaliation. (Complaint ¶¶ 14–43). He brings a representative action under the Private Attorneys General Act of 2004 ("PAGA"). (*Id.* ¶ 3).

On August 5, 2026, Defendants removed the action on the ground that Plaintiff's claims were preempted by section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). (NoR). Defendants claim that the FAC omits that Plaintiff and some putative class members were also union members and that a collective bargaining agreement ("CBA") governed their employment. (*Id.* ¶ 29). As a result, Plaintiff's claims for unpaid overtime wages, meal breaks and rest breaks, payment of final wages, and related penalties require interpretation of a CBA. (*Id.* ¶ 28). Because section 301 preempts such claims, Plaintiff's claims are preempted by the LMRA. (*Id.* ¶ 20). And because preempted state law claims are considered federal claims, the Court has federal question jurisdiction. (*Id.* ¶ 21). Plaintiff now seeks an Order remanding the action to Superior Court because "Defendants have shown neither CBA coverage nor required CBA interpretation, [so] they have not established federal-question jurisdiction." (MTR at 6).

## II. <u>MOTION TO REMAND</u>

Although the Motion to Dismiss was filed before the Motion to Remand, "federal courts normally must resolve questions of subject matter jurisdiction before reaching other threshold issues." *Potter v. Hughes*, 546 F.3d 1051, 1061 (9th Cir. 2008). In removal actions, "both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587–88 (1999). Accordingly, the Court considers the Motion to Remand before addressing the Motion to Dismiss.

**A. Legal Standard**

"Because plaintiff's motion to remand challenges the basis of the court's subject matter jurisdiction, the court may consider extrinsic evidence." *Prime Healthcare Servs.– Shasta, LLC v. Sierra Pac. Indus.*, No. 15-CV-2007-CMK, 2016 WL 740529, at *2 (E.D. Cal. Feb. 25, 2016) (citing *McCarthy v. United States*, 850 F.2d 558 (9th Cir. 1988)). While in the context of a motion to remand due to lack of diversity jurisdiction it is "well established that courts may pierce the pleadings . . . and examine evidence," it is "also well established that courts ought to construe facts in favor of the plaintiff where there is disputed evidence." *Reynolds v. Boeing Co.*, No. 15-CV-2846-SVW (ASx), 2015 WL 4573009, at *3 (C.D. Cal. Jul. 28, 2015) (internal quotation marks and citations omitted).

"The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (internal quotation marks and citation omitted).

Courts should "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Doubts as to removability should be resolved in favor of remanding the case to the state court. *Id.*; *see also Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

Under the "well-pleaded complaint" rule, "federal jurisdiction exists only when a federal question is present on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

"A corollary to the well–pleaded complaint rule is the 'complete preemption' doctrine, which applies in cases in which 'the preemptive force of a statute is so extraordinary that it converts an ordinary state common–law complaint into one stating a federal claim for purposes of the well–pleaded complaint rule.'" *In re NOS*

*Commc'ns, MDL No. 1357*, 495 F.3d 1052, 1057 (9th Cir. 2007) (quoting *Caterpillar*, 482 U.S. at 393). "Once an area of state law has been completely preempted, any claim purportedly based on that pre–empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.*

**1. LMRA preemption**

The Supreme Court has long interpreted the LMRA as authorizing federal courts to create a uniform body of federal common law to adjudicate disputes that arise out of labor contracts. *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019). Section 301 of the LMRA "vests federal courts with jurisdiction to hear suits 'for violation of contracts between an employer and a labor organization representing employees . . . without respect to the amount in controversy or without regard to the citizenship of the parties.'" *McCray v. Marriott Hotel Servs., Inc.*, 902 F.3d 1005, 1009 (9th Cir. 2018) (quoting 29 U.S.C. § 184(a)).

"By enacting the LMRA, Congress completely preempted state law for certain labor-related claims." *Id.* Because these areas are completely preempted, any such claim is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301. *Id.* "In other words, a civil complaint raising claims preempted by § 301 raises a federal question that can be removed to a federal court." *Curtis*, 913 F.3d at 1152.

But "not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016) (quoting *Allis-Chalmers Corp v. Lueck*, 471 U.S. 202, 211 (1985)).

To determine what claims are preempted under § 301, the Ninth Circuit has adopted a two-step inquiry. First, if the asserted cause of action involves a right that exists solely as a result of the collective-bargaining agreement ("CBA"), then the claim is preempted and the analysis ends there. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). Second, even if the right exists independently of the CBA,

if a plaintiff's state law right is substantially dependent on analysis of the CBA, then the claim is preempted. *Id*.

**B. Discussion**

**1. *Burnside* step 1**

At the first step of the *Burnside* inquiry, Plaintiff's claims arise independently of the CBA. Plaintiff seeks relief under PAGA for Defendants' alleged activity including retaliation and failure to provide meal and rest breaks in violation of Labor Code sections 201, 203, 204, 210, 226, 226.7, 256, 510, 512, 516, §§1102–1102.5, 1174, 1182.12, 1194, 1194.2, 1197, 1198, 1198.5, 2802, and 2810.5. Defendant contends that "the CBA goes well beyond the law" and given the "robust CBA," "the violations for which Plaintiff seeks penalties in the FAC are 'founded on rights created by collective bargaining agreements' and/or substantially dependent on an analysis and interpretation of a collective bargaining agreement." (the "MTR Opposition" (Docket No. 16 at 6)).

To be sure, the CBA contains provisions regarding some of Plaintiff's allegations, including meal and rest breaks. However, the FAC does not reference these provisions. Rather, Plaintiff clearly seeks to vindicate his rights under state labor laws. "State claims that are independent of a collective bargaining agreement (CBA) are not preempted just because the plaintiff is covered by one." *Clarke v. Universal City Studios LLC*, CV-23-04708-DSF (AGRx), 2023 WL 12142909, at *2 (C.D. Cal. Aug. 9, 2023). Likewise, "[t]he protections of state labor laws do not simply vanish or become otherwise unenforceable just because employees have agreed to a CBA which also addresses similar issues." *Botello v. Darling Ingredients Inc.*, CV-22-03083-MCS (JEM), 2022 WL 3226170, at *2 (C.D. Cal. Aug. 10, 2022). "Defendant[s'] argument that the LMRA preempts Plaintiff's PAGA claim because the CBA provides greater protections than California law thus fails." *Id.*

At the hearing, Defendants raised an additional argument under Labor Code section 512(e) and (f), which was not articulated in their briefing. Specifically,

Defendants argued the cause of action in section 512 for mandatory meal periods does not apply to Plaintiff because he is covered by a CBA. Defendants raised the same argument as to any overtime payment, contending that under section 514, the statutory right to overtime pay under section 510 does not apply to Plaintiff due to the CBA. As a result, Plaintiff's entitlement to penalties for these claims arises from the CBA, rather than the Labor Code.

In 2019, the Ninth Circuit ruled that if a CBA meets the requirements of section 514, the plaintiff's right to overtime under Section 510 exists solely as a result of the CBA and is therefore preempted. *Curtis*, 913 F.3d at 1154. Following *Curtis*, most district courts held that a lawsuit filed in state court raising a claim under Section 510, with a qualifying CBA, could be removed to federal court. *See Diana Libbey v. John Muir Health*, No. 26-CV-03228-AMO, 2026 WL 2392751, at *2 (N.D. Cal. Aug. 17, 2026). But recently, a "growing minority of judges" in the circuit "have concluded that approach overreads *Curtis*." *Id.* (collecting cases); *see also Zamora v. Overhill Farms, Inc.*, CV-19-03891-VAP (AFMx), 2019 WL 3942961, at *4 n.3 (C.D. Cal. Aug. 21, 2019); *Ross v. Stater Bros. Markets*, CV-00755-SJO (KKx), 2019 WL 6332241, at *4 (C.D. Cal. Aug. 8, 2019).

"The core of the growing minority view is that *Curtis* opined on the merits of the preemption analysis, not the precursor question of whether preemption of a [s]ection 510 claim through the [s]ection 514 exemption creates federal jurisdiction." *Libbey*, 2026 WL 2392751, at *3. As the Court noted during the hearing, affirmative defenses do not give rise to federal jurisdiction. *See Caterpillar, Inc. v. Williams*, 482 U.S.C. 386, 392 (1987). And "California courts have consistently treated the statutory exemptions of § 512(e) and 514 as affirmative defenses that must be proven by Defendant." *Atuatasi v. Securitas Sec. Servs. USA, Inc.*, CV-18-2786-VAP (PLAx), 2018 WL 2748259, at *4 (C.D. Cal. June 6, 2018). "*Curtis* stated 'in a half-sentence' that '[t]he district court had jurisdiction under 29 U.S.C. § 185(c),'" "[b]ut to the extent that 'suggests an affirmative defense under state law creates removal jurisdiction,' it 'contradicts prior Ninth Circuit precedent,' and *Caterpillar*, which *Curtis* cannot overrule." *Libbey*, 2026 WL 2392751, at *3.

The Court is persuaded by the emerging view, under which the applicability of sections 514 and 512(e) have no bearing on the jurisdictional analysis. This approach is supported by both the "strong presumption" against removal jurisdiction and the well-pleaded complaint rule. *Hunter*, 582 F.3d 1039, 104; *see Libbey*, 2026 WL 2392751, at *3 ("The LMRA does not wholly abrogate the well-pleaded complaint rule, so a claim that is only preempted by the LMRA if an affirmative defense applies does not present a federal question for jurisdictional purposes."). And regardless of the ultimate reach of *Curtis*, it is factually distinguishable here, where Plaintiff has not conceded that the affirmative defenses apply. *See Zamora*, 2019 WL 3942961, at *4 n.3 (distinguishing *Curtis* because there "the plaintiff conceded the applicability of the affirmative defense" for overtime claims).

Accordingly, Plaintiff's claims are not preempted under the first prong of the *Burnside* analysis.

**2. *Burnside* step 2**

Since Plaintiff's claims exist independently of the CBA, the Court moves to the second step of *Burnside*. Again, Defendant misunderstands the operative test by failing to identify a single disputed term of the CBA. Instead, Defendant argues that because Plaintiff's claims are founded in the CBA, adjudication will necessarily require interpretation of the CBA. (MTR Opp. at 6–7).

But again, Plaintiff's claims are founded on state labor laws, not the CBA. Further, "'[i]nterpretation' is construed narrowly; 'it means something more than 'consider,' 'refer to,' or apply." *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 922 (9th Cir. 2018). "Where a court need only 'look to' the CBA to resolve the plaintiff's claim, there is no preemption." *Cuellar v. SEIU-USWW*, CV-22-01359-SPG-MAA, 2022 WL 21714060, at *7 (C.D. Cal. Oct. 4, 2022). "Defendant also fails to identify any provisions in the applicable state laws that will require interpreting . . . the CBA. Plaintiff can thus litigate his PAGA claim 'without reference to the rights and duties established in the CBA.'" *Bottello*, 2022 WL 3226170 at *3.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV-26-08681-MWF (AYPx)** **Date: November 25, 2026**

Title: Ascencion Lopez v. Republic Services, Inc. et al

Accordingly, Plaintiff's claims are not preempted under the second prong of the *Burnside* analysis.

Defendant has failed to demonstrate this Court has subject matter jurisdiction. Accordingly, the Court must remand the case. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## III. CONCLUSION

The Court **GRANTS** the Motion to Remand, and **DENIES *as moot*** the Motion to Dismiss. The Court **REMANDS** this action to the Superior Court of the State of California for the County of Los Angeles.

IT IS SO ORDERED.